## In re CENTRAL RAILROAD OF NEW JERSEY.

### Ex parte FOOTE et al.
### No. 425.

Circuit Court of Appeals, Second Circuit.
July 28, 1931.

ages resulting from a collision between the ferry Cranford and the steamer Cumberland, in the North River, on December 15, 1925. The District Court held both vessels at fault, but, upon appeal, we modified the decree and held only the ferry. The Cranford (C. C. A.) 27 F.(2d) 710. The claims were referred to a commissioner, who heard voluminous evidence and reported back to the court, which confirmed his awards. The owner of the ferry appealed from eight of these, but, as one was settled, there are only seven before us now. These are as follows: Minnie Foote, $30,000; William T. Foote, her husband, $2,500; Minerva Baker, $10,000; Joseph Baker, her husband, $2,500; Agnes M. Gilson, $9,000; Frank A. Walker, $1,500; Louis Leopold, $600. All the claimants, except the two husbands, who are claiming for loss of consortium, were passengers more or less injured by the collision, which violently threw them about against the seats, stanchions, sides, or decks of the ferry when she struck.

█ Our review is much circumscribed in such circumstances. It is not customary to disturb the findings of a commissioner, who has seen the witnesses, after the District Court has confirmed it; nor is it possible by any standard to transmute into money damages for personal injuries. Nevertheless the decree is appealable, and an appeal presupposes some power and duty to reconsider the result. There are limits at which we must intervene, even though we recognize the likelihood that our own judgment may be as little certain as that of the District Court. We have repeatedly changed awards in salvage cases where, although the items are calculable because they involve property, the eventual award is quite as much, perhaps even more, matter of estimate and opinion as here. We accept all the findings of fact, so far as they can properly be called such; that is to say, so far as they involve the credibility of witnesses, and any inferences to be drawn from their testimony. An award for personal damages is not, however, strictly speaking, a conclusion of fact at all, and, while it enjoys a large presumption of correctness, we may change it, and at times we do.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Raymond Parmer, of New York City, of counsel), for appellees Minnie and William T. Foote.

Kelly & Blinn, of New York City (Eugene E. Kelley, of New York City, of counsel), for appellees Agnes M. Gilson and Frank A. Walker.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for appellees Minerva and Joseph Baker.

Louis P. Eisner, of New York City, for appellee Louis Leopold.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

### PER CURIAM.

This appeal concerns only the amount of the awards granted the claimants for dam-

█ The largest award is that to Minnie Foote, which depends for by far its greater amount, upon the loss of her business. The commissioner found that this was worth to her about $3,500 a year, and that through her injuries she lost it altogether. She was a woman of 49, and had an expectancy of over twenty

years. If her business was good for only eight and a half years, its present purchase could be estimated at $23,000. She has already lived nearly six of these, and, if anything, the sum mentioned is too low. She spent $2,000 in cures of one sort or another, leaving only $5,000 for her injuries, which was clearly permissible, as they were severe. Her husband's allowance was within reasonable limits.

■ In the case of Minerva Baker, the issue turned very largely upon the credibility of her own doctor. If he was right, she had suffered a permanent injury to one of her legs, and the shock of her injuries had disturbed her assimilative system, resulting in a dangerous increase of weight. The commissioner credited this doctor as against the petitioner's, and we cannot see that we should intervene. The expenses of the couple were about $2,000, paid by the husband. We should have been disposed to add these to an award of $2,500 for loss of consortium as in Minnie Foote's case, and to have treated the wife's injuries as properly valued at $8,000. The result is the same, and, the appeal being a new trial, we can dispose of the case as justice demands. Our rule that an appellee must file assignments of error is not to be pressed in such circumstances. The couple has received an amount which together is not too high, and there is no reason to disturb it.

■ The injuries of Agnes M. Gilson, except as they aggravated a pre-existing nervous sensibility, were not severe. She lost some pay and was delayed in securing an advance in salary, but her monetary loss did not exceed $1,000, or at most $1,500. No doubt the petitioner is not excused because it happened to injure a nervous woman, and must respond in spite of her idiosyncracy. Moreover, such suffering is very real, as every one knows who has experienced it; we do not wish to minimize it. Nevertheless, it does not stand beside permanent physical injuries, such as loss of limb or injury to vital organs. The commissioner discredited the testimony of those witnesses who attributed to the collision any injury to Miss Gilson's lungs; that left as the substantial part of her troubles her continued pains, which are likely to subside. We cannot think that the award should be more than $6,500, and it is reduced to that amount.

The injuries of Walker and Leopold were slight; we think they will not carry the awards. Walker's award is reduced to $850; Leopold's to $400.

The petitioner will recover no costs and bear the printing disbursements.

Decree modified in accordance with the foregoing.